FILED
CLERK, U.S. DISTRICT COURT
SEP 20 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
SEP 21 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

___ Priority
___ Send
___ Clsd
___ Enter
_NO_ JS-5/JS-6
___ JS-2/JS-3
___ Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES DODGERS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HARTFORD LIFE INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) <br> ) | Case No. CV 06-03898 DDP (SHx) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND FOR A STAY OF THE PROCEEDINGS** <br><br> [Motion filed on August 11, 2006] |

This matter comes before the Court upon Defendant Hartford's petition to compel arbitration and for a stay in the proceedings pending arbitration. Upon reviewing the papers submitted by the parties, the Court grants the motion.

I. **BACKGROUND**

The Los Angeles Dodgers, LLC ("the Dodgers") and Hartford Life Insurance Co. ("Hartford") entered into an insurance policy whereby Hartford agreed to provide coverage to the Dodgers in the event that Paul Shuey, a veteran pitcher, became unable to play. The policy contains an arbitration clause, which reads as follows:

> **Arbitration:** In the event of a dispute under the Policy, We [the Hartford] or the Participating Organization [the Dodgers] may make a written demand for arbitration where permitted by law. In that case, We and the Participating Organization will

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

each select an arbitrator. The two arbitrators will select a third. If they cannot agree within fifteen (15) days, either We or the Participating Organization may request a choice of arbitrators be submitted to the American Arbitration Association. Any agreement from arbitration shall be limited to an interpretation of the terms of the Policy and shall not include any award of punitive damages. The arbitration will be held in the state of the Participating Organization's headquarters.

The policy also contains a clause governing disputes over the disability status of the player.

**Presumption of Disability: If** a Physician determines the Sports Professional is Totally Disabled, as defined in the benefit section, We will presume the Sports Professional is unable to engage in his Occupation. We will have the right to contest the determination of Total Disability by any Physician chosen by the Sports Professional or Participating Organization, including the cause and duration of the Total Disability. Where allowed by law, any dispute shall be submitted to Arbitration in accordance with the terms of the Arbitration provision stated above.

Mr. Shuey had off-season hip surgery in the winter of 2003. After further surgery during the 2004 season, Mr. Shuey never was able to return to active status.

The Dodgers determined that Mr. Shuey was totally disabled and sought to recover under the policy. Hartford, however, disputed the Dodgers' determination and denied coverage. Consequently, the Dodgers made a written demand for arbitration for two claims

against Hartford, a breach of contract and a declaratory judgment. However, the Dodgers filed suit against Hartford on a third claim, alleging a breach of the covenant of good faith and dealing and seeking punitive damages.

On August 11, 2006, Hartford filed this motion, petitioning the court to compel arbitration and to stay the matter pending arbitration.

## II. DISCUSSION

### A. Legal Standard

The Supreme Court has stated that "where [a] contract contains an arbitration clause, there is a presumption of arbitrability," and that "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." AT&T Technologies, Inc. V. Communication Workers of America, 475 U.S. 643, 650 (1986). In the absence of any express provision excluding a particular grievance from arbitration, only the most forceful evidence of a purpose to exclude the claim from arbitration will prevail. Id. (quoting United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582-83 (1960)).

In the Ninth Circuit, once a court has determined that the parties intended to arbitrate a dispute, then the scope of the arbitration agreement is the subject of federal rather than state law. Tracer Research v. National Envtl. Servs. Co., 42 F.3d 1292, 1294 (9th Cir. 1994). State law, however, governs the construction of the agreement. Mediterranean Enterprises Inc. v. Ssangyong Corp., 708 F.2d 1458, 1463 (9th Cir. 1983).

B.  Analysis

The Dodgers argue that their claim for the breach of good faith falls outside the scope of the arbitration agreement. Specifically, the Dodgers contend that the clause "in the event of a dispute under the Policy" covers only claims arising under the specific terms of the arbitration agreement. Stated differently, the Dodgers believe that, because their claim of breach of the covenant of good faith and fair dealing does not require interpretation of specific contractual terms, they may pursue a claim for punitive damages against Hartford.

As stated above, when it is unclear whether a specific claim falls under the arbitration clause, the Court must resolve doubt in favor of the party moving for arbitration. There is nothing about the phrase "in the event of a dispute under the Policy" that suggests a claim for breach of the covenant of good faith and fair dealing is unambiguously excluded from arbitration. Thus, on its face, arbitration of the Dodgers' claim is appropriate.

Moreover, the breach of good faith and fair dealing claim is a part of the overall dispute between the parties: whether Hartford must cover the Dodgers' losses for the alleged disability of Mr. Shuey. This dispute gave rise to the claims that the Dodgers wish to arbitrate, and to the claim that Hartford wishes to arbitrate. Under the plain language of the agreement, either party may demand arbitration in the event of such dispute.

The Dodgers counter that, because any arbitration opinion and award arising from the dispute must adhere to the terms of the policy, and the breach of good faith claim does not require interpretation or enforcement of the policy's terms, that claim

necessarily falls outside the scope of the agreement. However, it is only the arbitrator's opinion that must adhere to the terms of the agreement; there is nothing in the policy which states that the dispute itself must be about its terms.

Additionally, California law provides that "[t]here is no requirement that the cause or action arising out of a contractual dispute must be itself contractual. At most, the requirement is *the dispute* must arise out of contract." Coast Plaza Doctors Hosp. V. Blue Cross of California, 83 Cal.App.4th 677, 685-86 (citing, *inter alia*, Hatchwell v. Blue Shield of California, 198 Cal.App.3d 1027, 1033 (1988) (compelling arbitration of all claims against an insurer, stating: "[a]lthough an action for bad faith breach of the covenant of good faith and fair dealing sounds in tort, the duty of good faith and fair dealing exists solely because of the contractual relationship between the parties"))(emphasis in original). The Dodger's breach of good faith claim, though sounding in tort, arises under its dispute with Hartford, and therefore falls within the provisions of the arbitration clause.

Finally, the Dodgers argue that the agreement's "Presumption of Disability" clause is inapplicable because they did not rely on a physician to determine that Mr. Shuey was "totally disabled." Hartford argues that the Dodgers did submit a physician's report when claiming their initial proof of loss. Neither party attached the report as an exhibit, and this issue is not dispositive. However, if the Dodgers did in fact rely on a physician's report to determine Mr. Shuey's disability status, then the arbitration clause applies.

For the foregoing reasons, the Court finds that the entire dispute is subject to arbitration, pursuant to the terms of arbitration agreement, which precludes an award of punitive damages.

    Hartford has also moved for a stay in the proceedings pending the resolution of arbitration. The Federal Arbitration Act states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3; see also Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 914 (9th Cir. 1993). Given the strong presumption in favor of arbitration, the Court orders that the proceedings in this case be stayed pending the resolution of the arbitration proceedings.

## III. CONCLUSION

For the foregoing reasons, the Court grants the motion.

IT IS SO ORDERED.

Dated: 9-20-06

DEAN D. PREGERSON
United States District Judge